IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
Civil Division

**Arminda Valles-Hall**
107 N. Manchester Street
Arlington, VA 22203-1115

      **Plaintiff,**

v.

**Center for Nonprofit Advancement**
1666 K Street, NW
Suite # 440
Washington, DC 20006

      **Defendant.**

05-0007238

Case No.

RECEIVED
Civil Clerk's Office

SEP 0 8 2005

Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT FOR CIVIL ACTION

COMES NOW Plaintiff, Arminda Valles-Hall, by and through the undersigned counsel, and files this complaint against Defendant, Center for Nonprofit Advancement ("CNA") formerly known as the Washington Council of Agencies ("WCA"). In support thereof, Plaintiff alleges the following:

### JURISDICTION AND VENUE

This court has original subject matter jurisdiction over this action pursuant to §11-921 of the District of Columbia Code.

2. Venue is proper as the alleged events occurred in the District of Columbia. Plaintiff worked in the District of Columbia and the Defendant conducts business in the District of Columbia.

### PARTIES

3. Plaintiff, Arminda Valles-Hall ("Valles-Hall") is a Mexican American and resident of Virginia. At all relevant times herein, she was employed by the Washington Council

of Agencies ("WCA"), which changed its name to the "Center for Nonprofit Advancement" in January 2005

4. Defendant, WCA, is a membership organization. At all relevant times, Defendant WCA conducted and transacted business in the District of Columbia.

## FACTS

5. In April 2003 WCA hired Valles-Hall as Director of its Center for Non-profit Learning and Leadership.

6. Of eight (8) senior staff positions during the time of Valles-Hall's employment five (5) were filled with white, gay/lesbian employees, including the Executive Director.

7. In June 2003, three (3) months after starting the position, Valles-Hall received her first personnel evaluation from Executive Director, Mary Elizabeth Johnson ("Johnson"). Valles-Hall received outstanding ("excellent") marks in all five (5) areas in which she was evaluated.

8. In September 2003 WCA hired an African American women as Director of Public Policy and Advocacy.

9. By November 2003, Plaintiff and the African-American Director began to work jointly on the WCA's annual business meeting held on December 3, 2003  The Director of External Relations was originally assigned to organize the event.

10. Thereafter, the African-American Director of Public Policy proposed to host an unprecedented outreach effort in Prince George's County's non-profit sector. This effort was designed to create a partnership opportunity for WCA and the Human Service Coalition of Prince George's County.

2

Despite this outreach effort being part of WCA's strategic plan, WCA allocated only $1,000 to the conference, although $20,000 had been approved

12. This conference was highly successful for a first time effort; there were 211 attendees at the conference including funders and legislators from federal, state and county governments. Additionally, Plaintiff helped to raise monies to cover conference costs.

Following the conference, on June 15, 2004, the WCA terminated the African American Director for the expressed reason that she was not a "good fit" for the organization.

14 Plaintiff's predecessor, a Puerto Rican woman, was also told she was not a "good fit", prior to her separation from WCA.

15 The African-American Director filed a discrimination claim in the D.C Department of Human Rights and listed Plaintiff as a potential witness.

16. Prior to July 7, 2004, Plaintiff brought several incidents involving minority co-workers among other things to management's attention. As a result of her complaints management questioned Plaintiff's credibility and diminished her concerns

7. On July 7, 2004 one month after the termination of the African-American Director, Plaintiff received her first negative performance evaluation

8 More specifically, Johnson gave Valles-Hall an annual rating that was markedly lower than her previous June 2003 performance rating, based significantly on subjective innuendo, to wit the personal assessments of her fellow employees, rather than her objective indicators and her actual work performance. Prior to this evaluation Johnson never commented negatively about only aspects of Plaintiff's performance

19. In her later evaluation, Johnson stated that Valles-Hall had an offensive tone

3

offended people by calling them names and that she received staff complaints. She also stated that Valles-Hall needed to improve her relationship with WCA staff members and learn how to solve problems

20. Incredibly, her colleagues subjective complaints were the basis for Valles-Hall's lower evaluation scores in the following areas    attitude 2) open mindedness 3) inter-personal communications and 4) assertiveness. The evaluation was not based upon objective criterion such as WCA's annual goals and objectives.

21 Johnson based Valles-Hall's lower evaluation upon specific incidents that amounted to false accusations, misrepresentations and subjective, personal innuendo Defendant's similarly situated Caucasian and/or gay managers were not evaluated and/or treated in the same manner.

22. Moreover, Johnson implied that Valles-Hall's purported negative behavior towards her colleagues was rooted in her cultural (Latino) background.

23 Valles-Hall complained about her evaluation and as a result WCA changed her job description and responsibilities, increased her workload without increasing her staff support and eliminated her authority over projects on which she was working. This caused Valles-Hall to spend considerable additional hours performing her duties or risk being fired

24 On August 16, 2004 Valles-Hall contacted WCA Board Chair, Mary Ann de Barbieri ("de Barbieri"), to further complain about her 2004 personnel evaluation; de Barbieri determined that there was no evidence of discrimination.

25 Plaintiff also complained about a suspected financial impropriety related to WCA's misappropriation of 403(b) contributions. Plaintiff received no immediate responses to

4

this complaint.

26. On September 30, 2004 Valles-Hall filed a complaint of discrimination with the D.C. Office of Human Rights and mediation occurred on February   , 2005

27. Immediately after the DCHA mediation WCA restricted Valles-Hall's access to the building and effectively terminated her without providing any oral or written notice

28. Plaintiff, having no choice and having received no letter of termination, tendered her letter of resignation on February   , 2005

29. As a direct and proximate result of the Defendant WCA's discriminatory actions, Plaintiff was treated differently and suffered considerable mental anguish, including but not limited to depression, loss of self-esteem, embarrassment and humiliation

30. Defendant's actions were mean, evil and ill-willed

## COUNT I
## DISCRIMINATION
### VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, D.C. CODE SECTION 2-1402.11(a)(1)

31. Plaintiff adopts and incorporates paragraphs   through 30 as if more fully set forth fully herein

32. Defendant is an employer within the meaning of D.C. Code § 2-1401.02 (9).

33. Plaintiff is a member of a protected class, Hispanic, by virtue of her race

34. Defendant treated Plaintiff differently from similarly situated Caucasians in assignments and evaluations.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered embarrassment, loss of self-esteem, undue stress, mental anguish, emotional and

5

psychological harm and loss wages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant for the following:

A.   Compensatory damages in an amount in excess of two hundred fifty thousand dollars ($250,000);

B.   Punitive damages in an amount in excess of two hundred fifty thousand dollars ($250,000), for the Defendant's deliberate, willful and wanton disregard of Plaintiff's rights and to deter similar conduct in the future; and

C.   Attorney's fees, costs and such other relief as this Court deems just and proper.

## COUNT II
## SEXUAL ORIENTATION/PREFERENCE
## VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, D.C. CODE SECTION 2-1402.11(a)

36.   Plaintiff adopts and incorporates paragraphs    through 35 as if more fully set forth fully herein.

37.   Defendant is an employer as defined in D.C. Code § 2-1401.02 (9).

38.   Plaintiff is a member of a protected class, heterosexual, by virtue of her sexual orientation.

39.   Defendant treated Plaintiff differently from similarly situated homosexual colleagues in terms of assignments and evaluations.

40.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered embarrassment, loss of self-esteem, undue stress, mental anguish, emotional and psychological harm and loss of wages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor

and against Defendant for the following:

A.    Compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

B.    Punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000) for the Defendant's deliberate, willful and wanton disregard for the rights of the Plaintiff and to deter similar conduct in the future; and

C.    Attorney's fees, costs and such other relief as this Court deems just and proper.

## COUNT III
## RETALIATION

41.    Plaintiff adopts and incorporates paragraphs  through 40 as if more fully set forth herein.

42.    Plaintiff complained to Johnson, the Executive Director, about the disrespectful behavior she encountered from her co-workers.

43.    Plaintiff also complained to WCA management about certain financial irregularities.

44.    Defendant, Johnson, thereafter, retaliated against Plaintiff in several aspects as previously noted.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant for the following:

A.    Compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000)

B.    Punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000) for the Defendant's deliberate, willful and wanton disregard for the rights of

the Plaintiff and to deter similar conduct in the future; and

  C. Attorney's fees, costs and such other relief as this Court deems just and proper.

## COUNT IV
## CONSTRUCTIVE DISCHARGE

  45. Plaintiff adopts and incorporates paragraphs through 44 as if more fully set forth herein.

  46. Defendant materially changed and increased Plaintiff's duties and responsibilities while increasing her working load and removing her assistant.

  47. Defendant, through its senior staff, deliberately made Plaintiff's working conditions intolerable. Although Defendant did not forcefully terminate Plaintiff, they took effective measures as if they had, to wit 1) locking her out of the building 2) advising security that she was prohibited from entering the building and 3) posting a photograph of her in the lobby with security. All of this was done on the date of her mediation with the D.C Human Rights Office.

  48. Defendant's actions were designed to retaliate against Plaintiff for complaining about discrimination and financial irregularities. WCA management failed to sanction Johnson's actions whatsoever to prevent her discriminatory and retaliative actions against Plaintiff.

  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant for the following:

  A Compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

  B. Punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000) for the Defendant's deliberate, willful and wanton disregard for the rights of

the Plaintiff and to deter similar conduct in the future; and

  C Attorney's fees, costs and such other relief as this Court deems just and proper.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

  49 Plaintiff adopts and incorporates paragraphs through 48 as if more fully set forth herein.

  50 Defendant has adopted a policy of non-discrimination and retaliation designed to protect employees when challenging unlawful discriminatory practices.

  Plaintiff complained of discrimination and WCA management ignored her complaint.

  52 No one in a management position, including the chairperson of the Board, despite her fiduciary duty, took steps to prevent WCA's continued discrimination.

  53 As a result, Plaintiff endured continued disrespectful and discriminatory behavior from her co-workers, which caused her emotional distress, mental anguish and undue stress.

  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant for the following:

  A Compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

  B. Punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000) for the Defendant's deliberate, willful and wanton disregard for the rights of the Plaintiff and to deter similar conduct in the future; and

  C Attorney's fees, costs and such other relief as this Court deems just and proper.

## COUNT VI
## NEGLIGENT SUPERVISION

54  Plaintiff adopts and incorporates paragraphs   through 53 as if more fully set forth herein

55  Defendant owed the Plaintiff a duty to use reasonable care in supervision, training, and maintenance of personnel including, but not limited to, the adequate supervision, control and discipline of members of its senior staff for a violation of WCA policies and practices.

56.  WCA failed to enforce their policies of non-discrimination and non-retaliation against Johnson and other WCA senior staff actions, thereby breaching its duty of care in the supervision and maintenance of its personnel.

57  Defendant's actions caused the above described injuries to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant for the following:

A.  Compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

B.  Punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000) for the Defendant's deliberate and willful failure to adequately supervise and discipline personnel; and

C.  Attorney's fees, costs and such other relief as this Court deems just and proper.

10

Respectfully submitted,

_____
Donald M. Temple, Esq
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101
Fax (202) 628- 149