IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ARMINDA VALLES-HALL ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-7238 |
| ) | Judge: Melvin R. Wright |
| CENTER FOR NONPROFIT ) | **JURY TRIAL DEMANDED** |
| ADVANCEMENT ) | |
| ) | |
| Defendant | |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Arminda Valles-Hall ("Plaintiff" or "Ms. Valles-Hall" by and through undersigned counsel, who files this First Amended Complaint for damages. Plaintiff respectfully sets forth as follows.

1   Plaintiff reiterates, renews, and adopts herein the allegations made in her Complaint For Civil Action ("Complaint"), filed on September 8, 2005

2   Plaintiff supplements and amends her Complaint by adding the following and additional allegations and causes of action.

58.   Plaintiff incorporates and adopts herein all of the allegations made in paragraphs 1 through 57 above.

59.   At various times during the 2004 calendar year, particularly in the Fall of that year, Ms. Valles-Hall was required to undergo treatment for various health-related conditions. In so doing, she missed work pursuant to and consistent with Defendant's sick-leave policy

60.   At no time prior to her termination by Defendant did Ms. Valles-Hall exceed the amount of time she had accrued pursuant to Defendant's sick leave p

61. On November 3, 2004, by letter copied to Mary Ann de Barbieri, chairperson of the Board of Directors, Betsy Johnson ("Johnson") threatened to Ms. Valles-Hall that she would be terminated as a result of her health-related absences. In that same letter, Johnson demanded proof of illness in the form of doctor's notes.

62. Johnson's threat in this regard also occurred shortly after Ms. Valles-Hall formally complained to Johnson about her negative performance evaluation, and while Mary Ann de Barbieri's official investigation into Ms. Valles-Hall's discrimination claim was underway.

63. The practice of sending a letter of this nature, and copying the Executive Director on a letter threatening disciplinary action, particularly as it related to health-related employee absences, was not a routine personal practice for Johnson, nor was it a routine business practice for Defendant.

64. Johnson's threatened termination of Ms. Valles-Hall, despite the fact that Ms. Valles-Hall had not exhausted her sick leave and had complied with Defendant's sick leave policy, was retaliatory and directly related to Ms. Valles-Hall's allegations of discrimination.

65. Furthermore, Johnson's threatened termination of Ms. Valles-Hall on the basis of her alleged failure to comply with Defendant's sick-leave policy was merely a pretext for and attempt to cover up the discrimination to which Ms. Valles-Hall was subjected.

66. Immediately after the mediation between Plaintiff and Defendant on February 11, 2005, Defendant terminated Plaintiff's access to its offices by deactivating her keys, terminated her access to the voicemail system, instructed building security to prevent her from entering the office, and deposited with building security a photograph of plaintiff.

67. Defendant took the measures described in paragraph 66 above because it was unhappy with claims asserted by Plaintiff during mediation and, from

perspective, the fact that the mediation did not go well

## COUNT VII
### 42 U.S.C. § 1981 — RETALIATION

68. Plaintiff incorporates the facts set forth in paragraphs 1 through 67 as if fully set forth herein

69. When Plaintiff raised incidents of disparate treatment, as set forth in the paragraphs above, with Betsy Johnson and Mary Ann de Barbieri, and when she filed a grievance with the District of Columbia Office of Human Rights, she was engaged in statutorily protected expression concerning the vindication of her civil rights.

70. When Defendant, through its employees and agents, intentionally lowered Plaintiff's performance evaluations, further ignored her claims of disparate treatment, diminished her support, made increasing work demands on her, threatened to terminate her on a pretextual basis, and constructively discharged her by terminating her access to the office building and terminating her access to telephones, Defendant subjected Plaintiff to adverse employment action

71. The above-mentioned adverse employment action suffered by Plaintiff was directly related and inextricably linked to her declaration of her civil rights having been violated

72. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered economic harm, mental anguish, frustration, fear, humiliation, and embarrassment.

## COUNT VIII
### 42 U.S.C. § 1981 — DISPARATE TREATMENT

73. Plaintiff incorporates by reference the facts set forth in paragraphs 1 though 72 as if fully set forth herein.

74. Defendant's disparate treatment of Plaintiff was motivated by racial, ethnic, and national origin considerations, wherein Plaintiff was subjected to different

3

treatment than similarly-situated white employees

75. Defendant has engaged in the above-stated discriminatory ces willfully or in reckless disregard for Plaintiff's protected rights under 42 U.S. § 1981

76 Plaintiff suffered the above-stated adverse employment action as a result of the disparate treatment

77 Defendant cannot provide any non-discriminatory, legitimate business reason for subjecting Plaintiff to the disparate treatment described herein. Any such attempt to provide such a legitimate business reason is pretextual

78 As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered economic harm, mental anguish, frustration, fear, humiliation, and embarrassment

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants for the following

A. Compensatory damage in an amount in excess of two-hundred and fifty thousand dollars ($250,000);

B. Punitive damages in an amount in excess of two-hundred and fifty thousand dollars ($250,000) for Defendant's deliberate and willful intent to discriminate and retaliate against Plaintiff, and to deter similar conduct in the future; and

C Attorney's fees, costs, and such other relief as this Court deems just and proper.

Plaintiff demands a trial by jury for all claims so triable.

By: _____
Donald M. Temple [407849]
Dhamian A. Blue [488664]
1229 15th Street, NW.
Washington, DC 20005
Phone No. (202) 628-1101
Fax No.: (202) 628-1149
*Counsel for Plaintiff*