# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ARMINDA VALLES-HALL,** )<br>　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff　　　　)<br>　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　) 　Case No. 1:06 CV 806 CKK<br>　　　　　　　　　　　　　　)<br>**CENTER FOR NONPROFIT ADVANCEMENT,** )<br>　　　　　　　　　　　　　　)<br>　　　　　　Defendant　　　　)<br>　　　　　　　　　　　　　　) | |

## DEFENDANT'S NOTICE REGARDING REMOVAL

In accordance with the Court's Minute Order dated May 4, 2006, defendant Center for Nonprofit Advancement (the "Center"), submits the following:

1. On April 7, 2006, undersigned counsel received Plaintiff's Motion for Leave to Amend and for Jury Trial. A copy of the first page of the Motion, bearing the receipt stamp of undersigned counsel's law firm, is attached. Plaintiff's proposed First Amended Complaint was an exhibit to her Motion.

2. By Order the Superior Court of the District of Columbia docketed April 27, 2006 and received by undersigned counsel on May 1, 2006, the Superior Court of the District of Columbia granted plaintiff leave to file her First Amended Complaint and denied her request for a jury trial.

3. The Center submits that the Notice of Removal was timely in that the action did not first become removable until the Superior Court granted plaintiff leave to file her First

Amended Complaint.  28 U.S.C. § 1446(b) (notice of removal may be filed within 30 days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); SCR-Civil 15(a) (in general, a party may amend "only by leave of court or by written consent of the adverse party"); *Bezy v. Floyd Cnty. Plan Comm.*, 199 F.R.D. 308, 313 (S.D.Ind. 2001) (removal time began running not when plaintiff filed a motion for leave to amend but when motion was granted).  The Center's Notice of Removal was filed within 30 days after the action first became removable.

    4.  Alternatively, the Notice of Removal was timely in that it was filed within 30 days after receipt on April 7, 2006, of plaintiff's proposed First Amended Complaint.

    Respectfully submitted,

    OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.


    By    /s/ Charles H. Fleischer
        Charles H. Fleischer, D.C. Bar No. 4341

    7700 Old Georgetown Road, Suite 800
    Bethesda, MD 20814
    tel.: (301) 986-4056 / fax: (301) 951-0555
    e-mail: cfleischer@ofqlaw.com

    *Attorneys for defendant*

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ARMINDA VALLES-HALL | )<br>)<br>) |
| Plaintiff | ) |
| v | ) Civil Action No. 05-7238<br>) Judge: Melvin R. Wright |
| CENTER FOR NONPROFIT<br>ADVANCEMENT | )<br>) |
| Defendant | ) |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND FOR JURY TRIAL

NOW COMES Plaintiff Arminda Valles-Hall, by and through undersigned counsel, who files this Motion for Leave to Amend and for Jury Trial ("Motion"). By this motion, Plaintiff seeks to (1) amend her complaint to include claims for disparate treatment and retaliation under 42 U.S.C. § 1981 ("§ 1981"), and (2) submit Ms. Valles-Hall's claims, included in both her original and amended complaints, to a jury for resolution. Plaintiff's motion should be granted for three reasons. First, the Amended Complaint asserts new facts and legal claims learned through the discovery process. Second, setting this litigation for resolution by a jury will not result in any delay in reaching a resolution   Third, Defendant would be hard-pressed to articulate any prejudice it would suffer in the event this Motion were granted

Plaintiff has sought Defendant's consent to this Motion. Counsel of record for the Defendant declined its consent, and therefore Plaintiff seeks relief from this Court. The reasons why this Court should grant Plaintiff's motion are more fully set forth in