IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARMINDA VALLES-HALL ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No: 1:06-CV-806 CKK |
| ) | |
| CENTER FOR NONPROFIT ) | |
| ADVANCEMENT ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF'S JURY DEMAND**

NOW COMES Plaintiff Arminda Valles-Hall, by and through undersigned counsel, and files this demand for jury trial ("Demand").  In support of this Demand, Plaintiff submits the following:

1. Plaintiff originally filed this action in the Superior Court of the District of Columbia ("Superior Court") on September 8, 2005.

2. Plaintiff inadvertently failed to include a demand for jury trial in the original complaint.

3. Plaintiff, by motion, demanded a jury trial on March 31, 2006, before the close of discovery.

4. The Superior Court denied Plaintiff's motion.

5. On May 2, 2006, Defendant removed this action to the United States District Court for the District of Columbia.

6. In so doing, by operation of Fed. R. Civ. P. 81(c), Plaintiff's right to demand a jury trial is revived.  Specifically, Rule 81(c) states, in relevant part, that:

[i]f at the time of removal all necessary pleadings have been served, a

party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition.

7. Insofar as Plaintiff was deemed to have waived her right to trial by jury by the Superior Court, federal procedural law holds that if a party has waived her right to jury trial in state court by a failure to demand it as required by the state procedure, she has a new opportunity to demand the right on removal to a federal court. *See Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 415 (5th Cir. 2002.) (stating, "[w]e, however, can find no authority for the proposition that a litigant in a removed action loses her right to a federal jury trial by any act or omission in connection with a state requirement that is not applicable in federal court"); *see also Mondor v. United States District Court for the Central District of California,* 910 F.2d 585, 586-87 (9th Cir.1990) (stating that "where a pre-removal jury demand would satisfy federal but not state requirements, that demand is incorporated into the federal record upon removal, and is deemed to satisfy Rule 38(b)"); *Zakoscielny v. Waterman Steamship Corp.*, 16 F.R.D. 314 (D. Md. 1954) (stating, "the apparent purpose for [the revised Rule 81(c)] appears to have been the intention to make it clear that even if a jury trial had been waived in the proceedings in the State Court, nevertheless after removal to this court, any party entitled thereto would be entitled to demand a jury trial within ten days after the record from the State Court had been filed in the District Court of the United States").[1]

---

[1] Plaintiff's counsel is not aware of any cases in this jurisdiction that address this issue.

8. Thus, pursuant to Fed. R. Civ. P. 81(c), and the above-cited cases, Plaintiff hereby demands a trial by jury for all claims and issues so triable.

                        Respectfully submitted,

                        _____/s/_____
                        Donald M. Temple [407849]
                        Dhamian A. Blue [488664]
                        1229 15th Street, NW.
                        Washington, DC  20005
                        Phone No. (202) 628-1101
                        Fax No.: (202) 628-1149
                        *Counsel for Plaintiff*