# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ARMINDA VALLES-HALL,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06 CV 806 CKK |
| ) | |
| **CENTER FOR NONPROFIT ADVANCEMENT,** ) | |
| ) | |
| Defendant ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant Center for Nonprofit Advancement (the "Center"), by its attorneys, denies all liability to plaintiff Arminda Valles-Hall ("Hall") and answers Hall's amended complaint as follows:

### First Defense

The amended complaint fails to state any claim upon which relief can be granted.

### Second Defense

The Center specifically answers the enumerated allegations of the amended complaint as follows, any allegation not so answered being denied:

1-2.  The Center admits that if the complaint states a good claim, the Court has jurisdiction over the subject matter thereof and that venue lies in this Court.

3.  The Center admits that Hall was employed by the Center, then known as the "Washington Council of Agencies," from April 21, 2003 until February 14, 2005.  The Center denies, for lack of sufficient knowledge or information, allegations as to Hall's ancestry and current residence.

4.   The Center admits that the Center is a non-profit, tax-exempt membership organization with its sole offices in the District of Columbia.

5.   The Center admits that Hall was hired in April 2003 but denies that Hall's title was Director of the Center for Non-profit Learning and Leadership.

6.   Denied for lack of sufficient knowledge or information.

7.   In answer to the allegations in paragraph 7, the Center adopts by reference the Personnel Review Form dated June 26, 2003 (attached to the Center's Amended Answer as Exhibit A) and it denies any allegations inconsistent therewith.

8.   Admitted.

9.   The Center admits that its then Director of External Relations was assigned to organize the event referred to in paragraph 9 and that Hall and other employees worked on the event.

10.   Denied.

11.   Denied.

12.   The Center admits that the conference was successful.  The remaining allegations in paragraph 12 are denied for lack of sufficient knowledge or information.

13.   The Center admits that the employee referred in paragraph 13 to was terminated. The remaining allegations in paragraph 13 are denied.

14.   The Center admits that Hall's predecessor was bi-lingual (English and Spanish) and that she was educated in Puerto Rico.  The remaining allegations in paragraph 14 are denied.

15.   The Center admits that the former employee referred to in paragraph 15 was terminated.  The remaining allegations in paragraph 13 are denied.

16.   Denied.

-2-

17-20.  The Center admits that Hall was evaluated in July 2004.  In further answer to the allegations in paragraph 17, the Center adopts by reference the Personnel Review Form dated July 7, 2004 (attached to the Center's Amended Answer as Exhibit B) and the Center denies any allegations inconsistent therewith.  The Center denies that Hall was never previously counseled with regard to her performance or behavioral deficiencies.

21-22.  Denied.

23.  The Center admits that Hall complained about her evaluation.  The remaining allegations in paragraph 23 are denied.

24.  The Center admits that the Center, through the chairperson of its Board of Directors, conducted an investigation of Hall's complaints and found no discrimination.

25.  Denied.

26.  The Center admits that Hall filed a charge of discrimination with the District of Columbia Office of Human Rights, but it denies that the charge was filed on September 30, 2004.

27.  Denied.

28.  The Center admits that Hall resigned on February 14, 2005.  The remaining allegations in paragraph 28 are denied.

29-30.  Denied.

31.  In answer to the allegations in paragraph 31, the Center adopts by reference its answers to the allegations in paragraphs 1 through 30.

32.  Denied.

33.  Denied for lack of sufficient knowledge or information.

34-35.  Denied.

36.  In answer to the allegations in paragraph 36, the Center adopts by reference its answers to the allegations in paragraphs 1 through 35.

37.  Denied.

38.  Denied for lack of sufficient knowledge or information.

39-40.  Denied.

41.  In answer to the allegations in paragraph 41, the Center adopts by reference its answers to the allegations in paragraphs 1 through 40.

42.  The Center admits that Hall complained about her co-workers but the Center denies that Hall's complaints were well-founded.

43.  Denied.

44.  Denied.

45.  In answer to the allegations in paragraph 45, the Center adopts by reference its answers to the allegations in paragraphs 1 through 44.

46.  Denied.

47.  The Center admits that for the period February 12-13, 2005, it restricted Hall's access to the Center's offices.  The remaining allegations in paragraph 47 are denied.

48.  Denied.

49.  In answer to the allegations in paragraph 49, the Center adopts by reference its answers to the allegations in paragraphs 1 through 48.

50.  Admitted.

51.  The Center admits that Hall complained of discrimination, but it denies that Hall's complaints were well-founded and it denies that Hall's complaints were ignored.

52-53.  Denied.

54.  In answer to the allegations in paragraph 54, the Center adopts by reference its answers to the allegations in paragraphs 1 through 53.

55.  The allegations in paragraph 55 are conclusions of law to which no answer is required, but if an answer thereto is required, the same are denied.

56-57.  Denied.

58.  In answer to the allegations in paragraph 58, the Center adopts by reference its answers to the allegations in paragraphs 1 through 57.

59-60.  Denied.

61.  In answer to the allegations in paragraph 61, the Center adopts by reference the letter dated November 3, 2004 (attached hereto as Exhibit C) and the Center denies any allegations inconsistent therewith.

62.  The Center admits that said letter was written while an investigation was underway but it denies that the said letter was written shortly after Hall's complaint about her evaluation.

63.  Admitted.  In further answer to the allegations in paragraph 63, the Center states that the number and frequency of Hall's undocumented absences was not a routine circumstance at the Center.

64-65.  Denied.

66.  Admitted.

67.  Denied.

68.  In answer to the allegations in paragraph 68, the Center adopts by reference its answers to the allegations in paragraphs 1 through 67.

69-72.  Denied.

73.  In answer to the allegations in paragraph 73, the Center adopts by reference its answers to the allegations in paragraphs 1 through 72.

71-78.  Denied.

### Third Defense

Some or all of Hall's purported claims are barred by limitations, laches or both.

### Fourth Defense

Hall has failed to mitigate her damages, if any.

### Fifth Defense

To the extent Hall's complaint purports to assert equitable claims, such claims are barred under the doctrine of unclean hands.

### Sixth Defense

Hall is estopped from asserting any claim by reason of her breach of a confidentiality agreement entered into during mediation before the District of Columbia Office of Human Rights.

### Seventh Defense

Hall was an at-will employee of the Center who was subject to termination by the Center at any time for any reason or for no reason.

### Eighth Defense

But for Hall's resignation, Hall would have been terminated by the Center for insubordination; excessive, unexcused absences; multiple, serious performance deficiencies; and multiple, serious instances of misconduct.

### *Ninth Defense*

Counts V and VI of Hall's complaint are barred by the exclusivity provisions of the District of Columbia Workers' Compensation Act, D.C. Code § 32-1501, *et seq.*

WHEREFORE, the Center prays as follows:

A.  That the complaint be dismissed with prejudice or that judgment be entered in the Center's favor and against Hall, denying any relief to Hall.

B.  That the Center be awarded its costs of suit, including attorneys' fees.

C.  That the Court grant the Center such other relief as justice may require.

Respectfully submitted,

OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.


By____/s/ Charles H. Fleischer_____
       Charles H. Fleischer, D.C. Bar No. 4341

7700 Old Georgetown Road, Suite 800
Bethesda, MD 20814
tel.: (301) 986-4056 / fax: (301) 951-0555
e-mail: cfleischer@ofqlaw.com

*Attorneys for defendant*

-7-

**The Washington Council of Agencies**

# Memo

**To:** Arminda Valles-Hall

**From:** Betsy Johnson

**CC:** Mary Ann de Barbieri

**Date:** 11/03/2004

Absences

Your poor attendance record over the past two months has caused serious disruption to the work of WCA, particularly since many of your absences have been unscheduled. By your own admission, you are unable to complete your duties in a timely way when you are absent so much.

You have stated that your absences were for medical reasons. I have asked you to furnish me with a statement from your health care practitioner justifying the leave. To date you have failed to provide such a statement. In order for me to consider your prior absences as excused, I must have such a statement by close of business on Thursday, November 4. Failure to provide a statement will result in disciplinary action.

According to our payroll records, you have exhausted your sick leave and you have 7.34 days of annual leave remaining. While I have agreed that future absences may be charged against annual leave, I cannot allow you to continue missing work on such a frequent basis. Should your absences continue at the current, unacceptable rate, I will have no choice but to make other arrangements to assure that the work assigned to you is properly completed. These arrangements may include hiring a permanent replacement for your position.

EXHIBIT C