UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARMINDA VALLES-HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTER FOR NONPROFIT ADVANCEMENT,<br><br>    Defendant. | Civil Action No. 06–806 (CKK) |

**ORDER**
(January 30, 2007)

Defendant filed its [9] Motion for Summary Judgment in this matter on May 25, 2006. On July 14, 2006, Plaintiff filed her [13] Opposition to Defendant's Motion for Summary Judgment, along with an accompanying Opposing Statement of Material Facts Not in Dispute. Defendant filed its [15] Reply in Support of its Motion for Summary Judgment on August 4, 2006. The Court has recently attempted to address Defendant's Motion for Summary Judgment and, in so doing, determined that Plaintiff's Opposing Statement of Material Facts Not in Dispute fails to comply with Local Civil Rules 7(h) and 56.1, and thus with this Court's May 4, 2006 Order, which specifically advises the parties that "[t]he Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules." *Valles-Hall v. Cent. for Nonprofit Advancement*, Civil Action No. 06-806 (citing *Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002)). The Court has attempted to parse Plaintiff's Opposing Statement of Material Facts Not in Dispute in order to determine which factual issues remain in dispute in this matter, but is unable to do so.

The District Court for the District of Columbia has supplemented Federal Rule of Civil Procedure 56 with LCvR 56.1, which requires that each party submitting a motion for summary judgment attach a statement of material facts to which that party contends there is no genuine issue, with specific citations to those portions of the record upon which the party relies in fashioning the statement.[1] The party opposing such a motion must, in turn, submit a statement of genuine issues enumerating all material facts which the party contends are at issue and thus require litigation. *See* LCvR 56.1. Where the opposing party fails to discharge this obligation, a court may take all facts alleged by the movant as admitted. LCvR 56.1. As the District of Columbia Circuit has emphasized, "[LCvR 56.1] places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (citing *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992)). Because of the significance of this task and the potential hardship placed on the court if parties are derelict in their duty, courts require strict compliance with LCvR 56.1. *See id*.

---

[1] The Rule provides, in relevant part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, *the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion*.

LCvR 56.1 (formerly known as Local Rule 108(h) (emphasis added).

at 150 (citations omitted).  Plaintiff's Opposing Statement of Material Facts Not in Dispute fails to comply with her obligations under Local Civil Rule 56.1.

Accordingly, it is this 30th day of January, 2007, hereby

**ORDERED** that [13] Plaintiff's Opposition to Defendant's Motion for Summary Judgment, along with the accompanying Opposing Statement of Material Facts Not in Dispute, shall be stricken; it is also hereby

**ORDERED** that Plaintiff shall file a revised Opposition to Defendant's Motion for Summary Judgment, including a properly prepared response to Defendant's Statement of Material Facts Not In Dispute, which responds to each paragraph of Defendant's Statement with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied.  Plaintiff should include any information relevant to its response in that paragraph.  If Plaintiff has additional facts that are not addressed in the corresponding paragraphs, Plaintiff should include these at the end of its responsive statement of facts.  At all points, Plaintiff must furnish precise citations to the portions of the record on which she relies; it is also hereby

**ORDERED** that Plaintiff shall file her revised Opposition on or before February 13, 2007.  The Court has set an expedited schedule in order to promptly address Defendant's Motion for Summary Judgment, which has been pending for some time.  Rather than simply treat the facts alleged by Defendant as conceded, the Court is allowing Plaintiff an opportunity to properly comply with her obligations pursuant to Local Civil Rules 7(h) and 56.1.  However, as Plaintiff is at fault for failing to comply initially, the Court will not grant Plaintiff any extensions; it is also hereby

**ORDERED** that Defendant shall file its Reply to Plaintiff's Opposition, which Defendant may revise as necessary in light of Plaintiff's revised Opposition and properly prepared response to Defendant's Statement of Material Facts Not in Dispute, on or before March 1, 2007.

**SO ORDERED.**

                                              _____/s/_____
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge