UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ARMINDA VALLES-HALL,** )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>**CENTER FOR NONPROFIT ADVANCEMENT,** )<br>)<br>Defendant ) | Case No. 1:06 CV 806 CKK |

**SUPPLEMENTAL REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Center for Nonprofit Advancement ("Center") submits this supplemental reply in support of its motion for summary judgment against plaintiff Arminda Valles-Hall ("Hall").

**I. Procedural Background**

By Order filed January 30, 2007, the Court struck Hall's July 14, 2006 opposition to the Center's summary judgment motion and her Rule 7(h) statement. The Court gave Hall until February 13, 2007 to file a revised opposition and statement. With respect to Hall's Rule 7(h) statement, the Court directed Hall to file

> a properly prepared response to Defendant's Statement of Material Facts Not In Dispute, *which responds to each paragraph of Defendant's Statement with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied.* Plaintiff should include any information relevant to its response in that paragraph. If Plaintiff has additional facts that are not addressed in the corresponding paragraphs, Plaintiff should include these at the

> end of its responsive statement of facts. *At all points, Plaintiff must furnish precise citations to the portions of the record on which she relies . . .* .

Emphasis added. The Court then gave the Center until March 1 to file a supplemental reply, as necessary.

The Center now replies to Hall's February 13 filings.

## II.  Argument

### A.  Hall's Revised Rule 7(h) Statement Remains Deficient.

Contrary to the Court's explicit direction, the numbered paragraphs in Hall's revised LCvR 7(h) statement bear no relationship at all to the numbered paragraphs in the Center's Statement of Material Facts Not In Dispute. Instead, Hall's revised statement is little more than a re-arrangement of the same assertions contained in her initial statement, with occasional minor changes in wording. For example, paragraph 1 in the revised statement is identical to paragraph 1 in the initial statement; paragraphs 5 and 6 of the revised statement are substantively the same, with only slight wording changes, as paragraph 2 of the initial statement; the first sentence of paragraph 7 (revised statement) is identical to the first sentence of paragraph 3 (initial statement); and paragraphs 14, 15 and 17 (revised statement) correspond with paragraph 5 (initial statement). Similar parallels can be drawn between the remaining paragraphs of the two statements.

One critical assertion in paragraph 5 of Hall's initial statement – "[T]he substantive issues raised during the 2004 evaluation process were used to terminate Ms. Valles-Hall in February 2005" – lacked any citation to the record. Yet despite the Center's having pointed

out the omission in its initial reply, Hall fails to offer any record support for a nearly identical assertion in paragraph 19 of her revised statement. Other unsupported assertions are also apparent, *e.g.* revised statement paragraphs 4, 7, 11, 13, 28 and 48.

When Hall does cite to the record, her references are often either inaccurate or they involve inadmissible evidence. For example, in paragraph 2 she says she was hired as Director of Nonprofit Learning and Leadership, but that "her title was subsequently changed to Director of Education," citing Exhibit A at 54. However, Hall's Exhibit A as filed with the Court does not include page 54 of Hall's deposition. [1] In paragraph 44 she claims that an illness she suffered was "*caused by* work-induced stress" (emphasis added), citing only her own non-expert opinion and hearsay. She cites to the Sanow deposition to support an assertion that Johnson made preparations to fire Hall "*because* 'Arminda became fairly angry and yelled at mediation.'" Hall revised statement, paragraph 51; emphasis added. In fact, Sanow's testimony on that point was excluded as privileged. Sanow Dep. 84-85 (filed as an attachment hereto).

Hall's persistent failure to admit, deny, or otherwise specifically address the 57 numbered factual statements in the Center's Statement of Material Facts Not In Dispute leaves those factual statements established for summary judgment purposes. Fed.R.Civ.P. 56(c); LCvR 7(h); Order filed May 4, 2006. Those factual statements entitle the Center to

---

[1] In any event, Hall's deposition does not support her assertion. See Hall Dep. at 53-54 [Apx. 19-20 to the Center's summary judgment motion] where Hall testified that both her initial offer letter and her job description stated her title as Director of Education.

summary judgment. See Argument I of the Center's initial reply filed August 4, 2006, adopted here by reference.

**B. Hall's Revised Memorandum Adds Nothing New.**

With minor variations, Hall's revised memorandum is just a regurgitation of her initial filing. The cover pages each bear the same July 14, 2006 date. The two documents even contain the same mistakes (*e.g.* footnote 2, in which "*supra*" should be "*infra*"; the last paragraph of Argument III-A-2, in which Hall's name is misspelled; the third paragraph of Argument III-A-3, in which the name of board member Michael Freedman is spelled two different ways; and Argument IV, in which "*Fe*" is omitted from the case name *Burlington Northern & Santa Fe Ry. Co. v. White*).

In reply to Hall's revised memorandum, the Center adopts by reference Arguments II, III and IV of its initial reply filed August 4, 2006. The Center also adopts by reference its Notice of Supplemental Authority filed August 17, 2006.

### III. Conclusion

For all the foregoing reasons, and for the reasons set out in the Center's Memorandum of Points and Authorities filed May 25, 2006, the Court should grant the Center's motion for summary judgment.

Respectfully submitted,

OPPENHEIMER, FLEISCHER & QUIGGLE, P.C.


By   /s/ Charles H. Fleischer
     Charles H. Fleischer, D.C. Bar No. 4341

7700 Old Georgetown Road, Suite 800
Bethesda, MD 20814
tel.: (301) 986-4056 / fax: (301) 951-0555
e-mail: cfleischer@ofqlaw.com

*Attorneys for defendant*